IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| AGUSTIN C. MORALES,<br>#337836,<br><br>　　　Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br><br>　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:25-cv-760-RAH |

## MEMORANDUM OPINION AND ORDER

Petitioner Agustin C. Morales, an inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) Petitioner is currently in the custody of the Alabama Department of Corrections ("ADOC") serving a sentence for Rape I, Sodomy I, and Sexual Abuse I. (*See* doc. 1 at 1; *see also State of Alabama v. Morales*, Case No. CC-2022-000187.)[1] However, Petitioner claims that he is also being held pursuant to an immigration detainer lodged against him by the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") on August 14, 2024. (*See* doc. 1 at 1–2.) Petitioner states that he entered the United States illegally and that, in August of 2024, the United States Attorney General ordered his deportation. (*Id*. at 4; *see also* doc. 1-1.) Thus, as relief, he asks the Court to order DHS and ICE "to immediately deport/remove [him] from

---

[1] The ADOC website confirms that Petitioner is currently in ADOC custody and incarcerated at Elmore Correctional Facility. *See* https://www.doc.alabama.gov/InmateHistory.aspx (last visited on May 27, 2026).

the U.S. and return[] [him] to Mexico." (*Id*. at 7; *see also* doc. 1-1 at 5 (asking the Court to "order [DHS] and [ICE] as the represen[t]atives of U.S. Attorney General, to take [Petitioner] into custody … and immediately begin deportation/removal process returning [Petitioner] to Mexico").)

As an initial matter, the Court does not have jurisdiction under § 2241 to hear Petitioner's challenge regarding his immigration detainer. Despite his assertion that he is being held on an immigration charge, it is apparent that Petitioner remains in the custody of the ADOC pursuant to his criminal convictions for Rape I, Sodomy I, and Sexual Abuse I. Because a writ of habeas corpus grants relief from unlawful custody, *see* 28 U.S.C. § 2241, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. *See Orozco v. United States INS*, 911 F.2d 539, 541 (11th Cir. 1990) (per curiam) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]."), *superseded by statute on other grounds as explained*, *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1366–68 (11th Cir. 2006).

Because Petitioner challenges the detainer lodged against him by DHS and ICE, the Court only has jurisdiction if Petitioner is in the custody of DHS and ICE. However, the mere lodging of a DHS detainer does not by itself cause a petitioner to come within DHS's custody for purposes of § 2241. *See Orozco*, 911 F.2d at 541; *Louis v. Sec'y, Fla. Dep't of Corr.*, 524 F. App'x 583, 583–84 (11th Cir. 2013) (per curiam); *Roberts v. INS*, 372 F. App'x 921, 924 (11th Cir. 2010) (per curiam). Because the relief requested in the instant § 2241 petition cannot be granted by the state officials who have custody of Petitioner while he serves his state sentence, jurisdiction under § 2241 is lacking and the petition must be dismissed. *See Orozco*, 911 F.2d at 541; *Louis*, 524 F. App'x at 583–84; *Roberts*, 372 F. App'x at 924.

Secondly, this Court lacks jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(g), which explicitly provides that:

> [N]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

*Id*. The Supreme Court has upheld § 1252(g)'s jurisdictional restriction. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Although *Reno* requires courts to construe § 1252(g) narrowly, the undersigned finds that the relief sought by Petitioner falls squarely within the "execut[ion]" prohibition of § 1252(g). Indeed, he asserts that an order of deportation has been issued against him and requests that this Court direct immigration officials to execute that order. *Cf. Reno*, 525 U.S. at 483–84 (explaining that the Attorney General's discretion with respect to executing removal orders includes "discretion to abandon the endeavor" whether "for humanitarian reasons or simply for … convenience"). Therefore, jurisdiction over the instant petition is also barred by § 1252(g). *See, e.g., Ceja v. Immigr. and Customs Enf't*, No. 1:08-cv-1708, 2009 WL 910858, at *3 (E.D. Cal. Apr. 2, 2009) (holding that, under § 1252(g), the district court was without power to compel ICE to act upon detainer by conducting removal or deportation hearing).

Finally, under § 2241, a federal court may only issue a writ of habeas corpus to a state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a)(c)(3). Plaintiff's factual allegations in no way suggest that his state sentence is invalid or unlawful, and postponing his deportation or removal until the completion of his state sentence does not violate the Constitution or laws or treaties of the United States. *See generally* 8 U.S.C. § 1231(a)(4); *see also, e.g., Abreu v. Barnes*, No. 08-3013 (WJM), 2009 WL 260796, at *12 (D.N.J. Feb. 4, 2009) ("Every federal court to consider [8 U.S.C. § 1231(a)(4)] has determined that the statute vests in the Attorney General the sole

discretion and authority to make early removal decisions and that no private right of action for immediate removal exists.[] Thus, deferral of [a prisoner's deportation] until the completion of his term of incarceration does not violate the Constitution or laws of the United States[.]").

Accordingly, for the reasons set forth above, it is **ORDERED** that this case is **DISMISSED** without prejudice for lack of jurisdiction.

Final Judgment will be entered separately.

**DONE**, on this the 28th day of May 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE